The opinion of the court was delivered by
TilghmaN, C. J.
This cause comes before üs bn a case stated to which I refer.
The trust, in the deed of assignment, under which the plaintiffs claim, is, that the defendants will in the first place, pay to the creditors of the first class (to which the plaintiffs belong) “ the amount of their respective demands in full.” The word demand is very comprehensive. It includes every thing which the creditors would have ,been entitled to recover by suit. And there is no doubt, that interest might have been recovered, as well as principal. . Consider the nature of the debts to which the first class was restricted; “debts due for money lent to Humphreys and. Carter, or by reason of the indorsement of their promissory notes, or by a loan, or exchange of notes, for their accommodation. ” In all these cases the creditor would have had to pay his own money for the benefit of Humphreys and Carter, and nothing can be more reasonable than to allow .him interest, from the time of payment. Consider also, what is to become of the surplus in the hands of thb assignees, after the payment of all demands. It is to go to Humph-reys and Carter. ' Now surely, it could not have been intended, that the creditors should lose their interest, and the debtor' put. the' money in his pocket. It does not appear, in the state of the case, of what the fund in the hands of the" defendants consisted. But it"is hardly possible, that it should have been altogether a dead fund. Probably it consisted, in part at least, of outstanding debts, which would carry interest. And if so, it would make the injustice of the debtor’s pocketing the surplus, the more glaring. There is not a perfect analogy between the case before us and that of commissioners of Bankrupt. For, although the statutes of bankruptcy, may not contain any express provisions respecting the payment of in *125 terest, yet the chancellor exercises larger equitable powers, than this court would venture to assume. I think it safer to put the case on the words of trust contained in the deed of assignment. These words on a'fair construction, include interest, and therefore the’ creditors are entitled to interest. It was remarked by the counsel for the defendants, that the plaintiffs had executed a release, by which their claim of interest was extinguished.' But the same agreement would prove that the. principal also was extinguished. And so, in truth it is as regards the debtor. The plaintiffs could no longer support an action against him for the principal. But they have a good claim under the assignment, and then-the question is, to how .much are they entitled; which-brings the point at last, to the construction of the deed, on which I have already ex* pressed my sentiments. On the whole then, I am of opinion, thát the plaintiffs are entitled to interest up to the time of the payment of the last dividend. . ' -